T.C. Summary Opinion 2011-9


UNITED STATES TAX COURT


ROBERT AND MILLICENT M. LOWERY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 27978-08S.          Filed February 3, 2011.


Robert and Millicent M. Lowery, pro se.

<u>Randall B. Childs</u>, for respondent.


MORRISON, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

The respondent determined a deficiency of $2,047 in the petitioners' federal income tax for the taxable year 2006. The issue for decision is whether a portion of the Social Security benefits the petitioners received in 2006 is includable in their gross income.[1]

## Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time they filed their petition, the petitioners resided in Georgia.

During the year in issue, the petitioners received Social Security benefits totaling $15,945. The petitioners filed a Form 1040A, U.S. Individual Income Tax Return, for the 2006 taxable year. They elected to file jointly and reported adjusted gross income of $59,007.50. This amount did not, however, include any of the $15,945 of Social Security benefits that the petitioners received during the 2006 taxable year.

The respondent contends that a portion of the Social Security benefits the petitioners received in 2006 is includable as gross income under section 86. The petitioners contend otherwise, claiming that taxing Social Security benefits amounts to double taxation.

---

[1]The petitioners conceded at trial that $95 received from Manhattan Life Insurance Co. should be included in their income.

## Discussion

The amount of Social Security benefits to be included in gross income is determined by a statutory formula found in section 86. See sec. 86(a)-(d). Section 86 requires inclusion of a portion of the payments if the sum of the taxpayer's adjusted gross income (with certain modifications not relevant here) and one-half of the Social Security benefits received exceeds a specified "base amount". Jelle v. Commissioner, 116 T.C. 63, 71 (2001). This base amount is $32,000 for taxpayers like the petitioners who are married and filed a joint return. See sec. 86(c)(1)(B). Since the petitioners reported adjusted gross income of $59,007.50 and received Social Security benefits totaling $15,945 during the 2006 taxable year, the base amount threshold has been exceeded. We therefore sustain the respondent's determination that a portion of the $15,945 the petitioners received in 2006 as Social Security benefits must be included in the petitioners' gross income for that taxable year.

The petitioners argue that the amounts that they contributed to the Social Security system have already been taxed and that they should not be taxed again as they receive benefits from Social Security. This argument is unavailing for reasons we explained in Roberts v. Commissioner, T.C. Memo. 1998-172, affd. without published opinion 182 F.3d 927 (9th Cir. 1999). One can imagine a system of taxing Social Security benefits whereby the

benefits are free of tax until they exceed the total FICA taxes paid by the recipient. Such a system was not enacted by Congress. Instead Congress enacted section 86, which, in recognition that Social Security benefits are partly financed by employees, does not require every dollar of Social Security benefits to be included in the income of the recipient. It requires only a fraction of the benefits to be included. This fraction is 85 percent for the petitioners, as the IRS correctly calculates.

To reflect the foregoing,

Decision will be entered

for respondent.